UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN SERVIN,<br><br>    Petitioner,<br><br>    v.<br><br>G. MATTESON,<br><br>    Respondent. | Case No. 2:20-cv-02494-PSG-JC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

## I. SUMMARY

On March 16, 2020, petitioner Ruben Servin, who is proceeding *pro se*, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Current Federal Petition"). Petitioner challenges the judgment in Los Angeles County Superior Court Case No. VA077024 ("State Case"), essentially claiming that the judgment in the State Case is void and the State was without jurisdiction because the case was initiated by way of a felony complaint which failed to give petitioner notice of the charges against him. Petitioner claims that he is being held in custody without due process and is entitled to immediate release.

///

///

1  Based on the record (including facts as to which this Court takes judicial
2  notice as detailed below) and the applicable law, the Current Federal Petition and
3  this action are dismissed without prejudice for lack of jurisdiction because
4  petitioner did not obtain the requisite authorization from the Court of Appeals to
5  file a successive petition.  Further, the Clerk of the Court is directed to refer the
6  Current Federal Petition to the United States Court of Appeals for the Ninth Circuit
7  ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

**II.    PROCEDURAL HISTORY**[2]

On October 18, 2004, a Los Angeles County Superior Court jury in the State Case found petitioner guilty of first degree murder, torture, second degree robbery, first degree robbery, first degree burglary, and dissuading a witness from reporting a crime.  The jury also found true (1) a special circumstance allegation that petitioner committed the murder while engaged in the commission of a robbery; (2) a special circumstance allegation that the murder was intentional and involved the infliction of torture; and allegations that (3) in the commission of each of the charged offenses a principal was armed with a handgun; (4) in the commission of the second degree robbery, petitioner personally inflicted great bodily injury on Miguel Trejo; (5) in the commission of the first degree robbery, petitioner voluntarily acted in concert and entered an inhabited dwelling; and (6) during the commission of the first degree burglary, a person, other than an accomplice, was

---

[1]Ninth Circuit Rule 22-3(a) provides in pertinent part:  "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . .  If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2]The facts and procedural history set forth in this section are derived from the Current Federal Petition and supporting documents and court records in Rubin Servin v. Tony Hedgpeth, Central District of California Case No. 2:08-cv-01446-PSG-JC ("First Federal Action"), of which this Court takes judicial notice.  See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of court records in other cases).

present in the residence at the time of the burglary. On November 17, 2004, the trial court sentenced petitioner to life without the possibility of parole plus 11 years to life in state prison.

On June 29, 2006, the California Court of Appeal affirmed the judgment. On October 18, 2006, the California Supreme Court denied review. Petitioner thereafter sought, and was denied habeas relief in the California Supreme Court.

On February 29, 2008, petitioner initiated the First Federal Action challenging the judgment in the State Case. On December 11, 2008, petitioner filed a Second Amended Petition for Writ of Habeas Corpus which was the operative pleading in the First Federal Action (hereinafter referred to as the "Operative First Federal Petition") and asserted seven (17) primary grounds for relief. On February 28, 2011, the Magistrate Judge issued a lengthy Report and Recommendation recommending denial of the Operative First Federal Petition on the merits and dismissal of the First Federal Action with prejudice. On August 4, 2011, the District Judge adopted the Report and Recommendation, denied the Operative First Federal Petition on the merits, and dismissed the First Federal Action with prejudice. Judgment was entered accordingly on the same date. The District Court also denied petitioner a certificate of appealability. Petitioner did not appeal.

As noted above, on March 16, 2020, petitioner filed the Current Federal Petition which again challenges the judgment in the State Case.

The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]
///
///

---

[3] A search of the court's PACER system does not reflect that petitioner has sought or been granted leave to file a second or successive petition by the Ninth Circuit.

3

### III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to

exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

The Operative First Federal Petition in the First Federal Action was denied on its merits – not for a technical or procedural reason. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV.　ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED: April 8, 2020

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE